IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-84989 |
| | ) | |
| ROBERT J. OGDEN and | ) | CH. 7 |
| KRISTY L. OGDEN, | ) | |
| | ) | |
| Debtors. | ) | |

## MEMORANDUM

Hearing was held in Omaha, Nebraska, on June 11, 2007, on the Motion for Turnover filed by the Chapter 7 Trustee (Fil. #54), and the Resistances filed by Debtor Kristy L. Ogden (Fils. #57 and #65). William L. Switzer, Jr. appeared for Debtor Kristy L. Ogden, and Thomas D. Stalnaker appeared as the Chapter 7 Trustee. The Chapter 7 Trustee's Objection to Exemptions (Fil. #63) and the Resistance by Debtor Kristy L. Ogden (Fil. #65) are also before the Court. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(E).

On October 10, 2005, Kristy Ogden purchased a 2005 Hyundai Elantra four-door sedan automobile.[1] Four days later, on October 14, 2005, Ms. Ogden and her then-husband, Robert J. Ogden, filed this Chapter 7 proceeding. At the time of bankruptcy filing, Debtors did not claim any exemption in the Hyundai. However, on April 25, 2007, in response to the Chapter 7 Trustee's motion for turnover, Debtors filed an amended Schedule C asserting the Hyundai to be worth $6,670.00, and asserting exemptions under Neb. Rev. Stat. § 25-1552 in the amount of $4,855.00 and under Neb. Rev. Stat. § 25-1556(4) of $1,815.00. The Chapter 7 Trustee has objected to Debtors' amended claim of exemptions.[2]

The Chapter 7 Trustee's position is that Debtors are not both entitled to claim an exemption under Neb. Rev. Stat. § 25-1552 with respect to the Hyundai since Robert Ogden is not an owner of the Hyundai. I agree. As discussed below, since the Hyundai has value above the available exemptions to Kristy Ogden, it may be claimed by the Chapter 7 Trustee and sold for the benefit of the bankruptcy estate.

The parties disagree as to whether the Hyundai should be valued at its present value ($6,670.00 according to Debtors) or its value as of the date of the bankruptcy filing (scheduled value

---

[1]In some of the filings in this case, the automobile has been referred to as a Hyundai "Sonata," but it is agreed by all parties that the vehicle is actually an "Elantra."

[2]Although not set for hearing at the same time as the motion for turnover, the objection to exemptions is ripe for consideration, involves the same issues, and will be disposed of with this Memorandum.

of $9,990.00/NADA Bluebook value of at least $12,375.00) in order to determine if it has any value above exemptions. The Chapter 7 Trustee correctly points out that assets of the estate are typically valued as of the date of bankruptcy filing. *See* 11 U.S.C. § 506(a)(2) (requiring that the value of personal property securing an allowed secured claim shall be determined as of the date of the filing of the petition). However, the fact remains that for the estate to recover any "value" from the Hyundai, the ultimate sale price will be based upon what the Hyundai is worth today, not what it was worth in October 2005 when this bankruptcy was filed. In any event, the real question is whether the Hyundai has any current value to the estate above and beyond any applicable exemptions.

There does not appear to be any dispute that a debtor may amend his or her list of exempted property as a matter of course at any time before the case is closed. Fed. R. Bank. P. 1009. There is an exception to the general rule allowing amendments in a case in which a debtor has acted in bad faith or property has been concealed. *In re Cone*, Case No. BK00-80018 (Bank. D. Neb. Apr. 12, 2000). No such issues exist here, so Debtors were authorized to amend Schedule C, their claim of exemptions, as long as the Chapter 7 Trustee had the right to raise any objections, which he has done.

As indicated previously, Debtors asserted exemptions of $4,855.00 under Neb. Rev. Stat. § 25-1552 (total "wild card" exemption for each of Mr. and Mrs. Ogden in the amount of $2,500.00, less $145.00 otherwise claimed), and an exemption of $1,815.00 under Neb. Rev. Stat. § 25-1556(4). The combined amount of those claimed exemptions is $6,670.00, which Debtors assert to be the current value of the Hyundai. The threshold question to be decided is whether Debtors are both entitled to assert an exemption of $2,500.00 in the Hyundai under Neb. Rev. Stat. § 25-1552. That statute simply provides: "Each natural person residing in this state shall have exempt from forced sale on execution the sum of two thousand five hundred dollars in personal property, except wages."

The only guidance from the Nebraska courts on this issue is an opinion of the United States Bankruptcy Court for the District of Nebraska dated April 12, 2000, in the case of *In re Cone*, Case No. BK00-80018. In that case, Chief Judge Timothy J. Mahoney noted "[t]here is no statutory or case law authority for property that is owned by one debtor to be claimed as exempt by another." Debtors' argument that the Hyundai was a joint marital asset as evidenced by it being "awarded" to Kristy Ogden in the parties' divorce decree is not persuasive. Specifically, the divorce decree reveals that Kristy Ogden purchased the Hyundai during the pendency of the divorce proceeding with financial assistance from her father. Contrary to Debtors' assertions, there is no finding in the decree that Robert Ogden ever owned any interest in the Hyundai. In any event, the divorce decree was entered <u>after</u> this bankruptcy filing and the Hyundai was purchased solely by Kristy Ogden during the course of the divorce proceeding and four days prior to this bankruptcy filing. Thus, at the time of the bankruptcy filing, the Hyundai belonged only to Kristy Ogden, and that status quo was maintained by the decree.

Accordingly, I find that Robert Ogden may not claim the wild card exemption of Neb. Rev. Stat. § 25-1552 with respect to the Hyundai, and the most that Kristy Ogden can claim under that statute is $2,500.00. Further, it does not appear that the Chapter 7 Trustee is objecting to Kristy

Ogden claiming a tool-of-trade exemption pursuant to Neb. Rev. Stat. § 25-1556(4). That exemption is available in an aggregate amount not to exceed $2,400.00 if the Hyundai is used by Debtor in connection with her principal trade or business or to commute to and from her principal place of trade or business. Thus, the maximum exemptions available to Debtors amount to $4,900.00: $2,500.00 under Neb. Rev. Stat. § 25-1552 and $2,400.00 under Neb. Rev. Stat. § 25-1556(4). Since Debtors acknowledge that the Hyundai is worth at least $6,670.00 as of the present date, it is clear that there is value in the Hyundai above and beyond the available exemptions. Therefore, the Hyundai should be surrendered to the Chapter 7 Trustee with the first $4,900.00 realized from its sale being paid to Debtor Kristy Ogden as the value of her available exemptions in the Hyundai.

Separate order to be filed.

DATED: June 13, 2007.

BY THE COURT:

 /s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    Michael B. Kratville
    *William L. Switzer, Jr.
    Thomas D. Stalnaker
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.